UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff/Respondent, | ) ) ) | No. 5:13-CR-123-KKC-REW |
| v. | ) ) | No. 5:17-CV-231-KKC-REW |
| JOHNNY JAMES VERDELLE PAYNE, | ) ) | RECOMMENDED DISPOSITION |
| Defendant/Movant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 15, 2017,[1] Johnny James Verdelle Payne, a federal inmate, filed a *pro se*[2] motion under 28 U.S.C. § 2255. DE #434 (Motion). The Court conducted an initial review of the motion and perceived it to be untimely. DE #436 (Order). However, in order to give Payne a fair opportunity to respond, the Court ordered briefing on the issue of timeliness and equitable tolling. *Id.* Payne submitted a brief. DE #442 (Response). The United States then responded, seeking dismissal. DE #443. Having reviewed the filings under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred motion (DE #434) **WITH PREJUDICE** and **DENY** a Certificate of Appealability.

I.      STATUTE OF LIMITATIONS

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides in relevant part:

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Payne affirmed under penalty of perjury that he placed the motion in the prison mailing system on May 15, 2017. DE #434, at 8.

[2] *Pro se* filings receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief") (citation omitted).

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>>(1) the date on which the judgment becomes final;
>>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judge Caldwell entered judgment[3] on April 18, 2014. DE ##212 (Sentencing Minutes); 216 (Judgment). Payne did not appeal. The Judgment, therefore, became final on May 2, 2014. Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Payne then had one year from May 2, 2014, to file a timely § 2255 motion. *See* § 2255(f)(1). He did not file his motion until May 15, 2017, thereby missing the (f)(1) filing deadline by over 2 years.

Payne, citing, in part, *Mathis v. United States*, 136 S. Ct. 2243 (2016), argues that the District Court erred in categorizing his prior Michigan state conviction for attempted delivery / manufacture of a controlled substance (cocaine, heroin, or other narcotic) as a "prior conviction for a felony drug offense," improperly subjecting him to a higher mandatory minimum. *See* DE #434, at 3-6. Payne also makes a related ineffective assistance claim. *See id.* at 6-7. Movant

---

[3] Payne pleaded guilty to Count 1, a heroin (>100 grams) trafficking conspiracy charge under 21 U.S.C. §§ 841(a)(1) and 846. DE #130 (Rearraignment Minutes). Judge Caldwell sentenced Movant to 120 months of imprisonment, the mandatory minimum in this context, and 8 years of supervised release. DE #216 (Judgment).

2

primarily asserts timely filing as within one year of *Mathis* (decided June 23, 2016), under § 2255(f)(3).[4] *Id.* at 3.

As the Court has already recounted, and as the United States echoes, Payne's argument is misplaced. As case law harmoniously indicates, *Mathis* did not announce a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" so as to open a new 1-year filing window per § 2255(f)(3). *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce . . . a [new] rule [of constitutional law]; it is a case of statutory interpretation."); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (*per curiam*) ("Lott has failed to make a prima facie showing that *Mathis* . . . set forth [a] new rule[] of constitutional law . . . made retroactive to cases on collateral review."); *see also, e.g.*, *United States v. Vanover*, No. 10-14-DLB-REW-1, 2017 WL 1356328, at *6 (E.D. Ky. Apr. 11, 2017) ("[I]t is evident that *Mathis* does not announce a new substantive rule or apply retroactively on collateral review."); *Atkinson v. United States*, No. 1:16-CV-67, 2017 WL 1227876, at *2 (W.D. Mich. Apr. 4, 2017) ("*Mathis* did not announce a new constitutional rule[.]"); *King v. United States*, 202 F. Supp. 3d 1346, 1359 (S.D. Fla. 2016) ("*Mathis* should not be applied retroactively[.]"); *Crawford v. United States*, No. 10-20269, 2016 WL 5402967, at *2 (E.D. Mich. Sept. 28, 2016) (same).   As many courts have noted, and as Payne himself acknowledges, *see* DE ##434, at 3 (characterizing *Mathis* as merely "a clarification of *Descamps*"); 442, at 2 (describing *Mathis* as merely "a clarification of" *Shepard*, *Descamps*, and other cases), *Mathis*'s own explicit language confirms that it announced nothing

---

[4] Payne also cites (f)(4), DE #434, at 3, but makes no specific effort to show that subsection's applicability here. Regardless, the Court perceives none. Payne simply makes a series of *legal* arguments; he does not proffer or establish any new or discovered "facts supporting the claim or claims presented" post-Judgment entry.

new. The Supreme Court, throughout the case, took pains to explain that the decision broke utterly no new ground. *Mathis* was a decision made "[u]nder our precedents," applying what the Court "ha[s] often held" and those holdings' repeated "longstanding principles." 136 S. Ct. at 2251. Per Justice Kagan, the Supreme Court simply applied the "essential rule[s] governing ACCA cases" established "more than a quarter century ago"—a series of "simple point[s]" that "became a mantra," repetition of which the Court feared may risk "downright tedium." *Id.* at 2251-52. The Supreme Court called *Mathis* a "straightforward case" under precedent tracing back over "25 years" and a decision merely applying "[e]verything this Court has ever said about ACCA[.]" *Id.* at 2257. Payne directly characterized *Mathis* as merely "clarif[ying]" the 2013 *Descamps* ruling (and *Shepard*, a case from over a decade ago), a case from before Payne was even indicted. DE ##434, at 3; 442, at 2.[5]

Accordingly, § 2255(f)(1), which Payne makes no credible attempt to avoid, not § 2255(f)(3) or (4), controls the timeliness inquiry here. Simply put, Payne missed the (f)(1) deadline and filed more than one year after the judgment became final. The motion is conclusively time-barred under § 2255(f).

## II.    EQUITABLE TOLLING

Further, equitable tolling does not spare Payne's motion.[6] The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some

---

[5] The Court notes, as it did previously, that *Mathis*, a case addressing the framework for determining whether a defendant's prior convictions qualify as predicates under the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions), likely has no bearing on Payne's conviction. Payne's conviction in no way involved ACCA. Neither did his sentence include a career offender enhancement, which could implicate *Mathis* considerations.

[6] Equitable tolling applies to § 2255 motions. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) ("Because there is a rebuttable presumption that equitable tolling applies to statutes of limitations and there is no indication that Congress did not intend for equitable tolling to apply to the

4

circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). When requesting equitable tolling of the AEDPA limitation period, a petitioner bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)). The Sixth Circuit accordingly evaluates requests for equitable tolling under this two-part test. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (no longer following the five-factor test). The proper inquiry is case-by-case and fact-based. *See Holland*, 130 S. Ct. at 2562-63. The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (citation and internal quotation marks omitted).

There is utterly no basis here to apply the doctrine of equitable tolling. Again, needless to say, the delay of **over three years** between conviction finality and Movant's § 2255 filing conclusively undercuts the diligence of Payne's rights pursuit. The docket reflects **no Payne activity** between Judgment entry and § 2255 motion filing. Payne attempts to establish a diligent rights pursuit by tersely asserting certain unspecified efforts "to discern the disposition of the State of Michigan drug conviction in concurrence with state law." DE #442, at 1-2. "The gathering of this information," Payne pithily asserts, entitles him to equitable tolling. *Id.* at 2. The Court is unsure precisely what Payne means by "discern[ing] the disposition of" the at-issue

---

limitation period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling."). The Government does not contest its conceptual applicability. DE #443.

drug conviction,[7] but there is no diligence in a search for basic charge-disposition information that lasted **nearly 2.5 years** from the entry of Judgment. Payne's own proffered timeline decisively shows he was not diligent in protecting his rights post-Judgment.

The record also reveals no extraordinary circumstance sufficient to warrant equitable tolling; indeed, Payne does not attempt to identify one.[8] Payne had one year to file a habeas motion after expiration of the time to appeal, but he did not do so. Under the prevailing standards, the doctrine of equitable tolling does not apply to save the untimely motion.[9] Payne did not timely file a § 2255 motion, and nothing but his own chosen course of conduct caused that result. He does not demonstrate a diligent rights pursuit or show any extraordinary obstacle to timely filing. The tolling burden is Movant's, and he fails to carry it.

---

[7] As a real-life participant in the conviction, he would have already known "the disposition of" it. Further, the Government's § 851 notice, from October 2013, identified the aggravating conviction.

[8] Regarding *Mathis*, "a change in decisional law is usually not, by itself, an 'extraordinary circumstance[.]'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001); *see also, e.g.*, *Osborne v. United States*, 559 F. App'x 807, 810 (11th Cir. 2014) (rejecting "an argument that the change in law effectuated by the Supreme Court's decision in *Maples* is the extraordinary circumstance justifying the reopening of his original § 2255 motion so that [the movant] can try to show cause and prejudice to overcome the procedural bar"); *Bazemore v. United States*, 946 F. Supp. 2d 1376, 1382 (S.D. Ga. 2013) ("*Stewart* simply is not an extraordinary circumstance that justifies . . . equitably tolling the one year statute of limitation of § 2255(f).").

[9] Due to the recommended resolution, the Court does not (yet, at least) formally assess the significance of Payne's collateral attack waiver, which would likely here be significant, at least as to the non-IAC claims. *See* DE #131, at ¶ 8. Movant does not seek to invalidate that waiver, which a court would typically enforce in this context. Legal developments subsequent to judgment finality do not "render an otherwise valid plea involuntary or unknowing." *United States v. Whitsell*, 481 F. App'x 241, 243 (6th Cir. 2012). "The possibility of changes in the law is simply one of the risks allocated by the parties' plea agreement." *United States v. Ryerson*, 502 F. App'x 495, 498 (6th Cir. 2012) (internal alterations removed); *see also United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005); *In re Garner*, 664 F. App'x 441, 443-44 (6th Cir. 2016).

### III.  CONCLUSION

The Court **RECOMMENDS** that the District Court **DISMISS** the time-barred motion (DE #434) **WITH PREJUDICE** and **DENY** a Certificate of Appealability.[10]

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 7th day of July, 2017.

Signed By:
**Robert E. Wier**  *REW*
United States Magistrate Judge

---

[10] No Certificate of Appealability should issue because the timeliness result is not on this record fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

7