UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 5:13-123-KKC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| JOHNNY JAMES VERDELLE PAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion by defendant Johnny James Verdelle Payne to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 434). The magistrate judge has recommended that the Court dismiss the motion at time barred (DE 445). Payne has filed objections to the recommendation (DE 448). For the following reasons, the Court will dismiss Payne's motion and overrule his objections.

Payne pleaded guilty to conspiring to distribute 100 grams or more of heroin. The Court sentenced Payne to 120 months by judgment dated April 18, 2014. This was the statutory minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B) because Payne had a prior felony drug conviction. (DE 79, § 851 Notice.)

As the magistrate judge noted, a §2255 motion must be filed within one year from the date that certain events occur. Relevant to this motion, a §2255 motion must be filed within one year from the latest of 1) the date the judgment becomes final or 2) the date on which the right asserted was initially recognized by the Supreme Court "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f).

Payne did not appeal the judgment entered against him. Thus, it became final on May 2, 2014. Payne did not file this § 2255 motion within one year of that date. In fact, he did not file this motion until May 23, 2017, more than three years after the judgment became final. Nevertheless, he argued to the magistrate judge that the Supreme Court recognized a new right in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and that his one-year period should begin to run from the date of that case. *Mathis* was decided on June 23, 2016.

The magistrate judge correctly determined, however, that the Supreme Court did not announce a new rule of law in *Mathis*. *See Snow v. United States*, No. 17-1538, 2017 WL 9324735, at *1 (6th Cir. Nov. 8, 2017) (citing *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017)).

The magistrate judge also determined that Payne had put forth no basis for the Court to apply the doctrine of equitable tolling. Payne argued to the magistrate judge that it was not until September 2016 that he and his family "discern[ed] the disposition" of the Michigan state drug conviction that was the basis for his enhanced sentence. (DE 442, Response.) He continues to make this argument in his objections, but he does not explain what information he or his family discovered about the Michigan drug offense that is relevant to his § 2255 motion. Thus, the magistrate judge correctly determined that the doctrine of equitable tolling is not applicable to Payne's motion.

Finally, the Court notes that *Mathis* deals with sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Payne was not sentenced under the ACCA. Thus, *Mathis* has no bearing on his conviction or sentence. Payne was sentenced to the 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B) because he had a prior felony drug

conviction. *See* 21 U.S.C. §802(44). Thus, even if Payne's §2255 motion were deemed to be timely, it would have to be denied.

For all these reasons, the Court hereby ORDERS as follows:

1) The magistrate judge's recommended disposition (DE 445) is ADOPTED as the Court's opinion;

2) Payne's objections to the recommended disposition (DE 448) are OVERRULED; and

3) Payne's motion to vacate, set aside or correct his sentence (DE 434) under 28 U.S.C. § 2255 is DENIED.

Dated July 25, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY